UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAYMOND A. DELGADO,

        Plaintiff,

v.                                  Case No.: 3:13-cv-624-J-25JBT

DAVID B. SHOAR, in his official
capacity as Sheriff of St. Johns County,
Florida; ARMOR CORRECTIONAL
HEALTH SERVICES, INC.; DR. ZEHRA
CUMBER, D.O., individually. and
SEVERAL UNKNOWN JAIL
MEDICAL STAFF, individually;

        Defendants.

_____

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff brings this action seeking monetary damages, attorney's fees and costs against Defendants and allege the following:

1. This is an action for damages, attorney's fees and costs for the deprivation of Plaintiff's rights secured by the Fourteenth Amendment to the United States Constitution.

### JURISDICTION AND VENUE

2. Plaintiff invokes the jurisdiction of this court pursuant to 42 U.S.C. §§1983 and 1988 and 28 U.S.C. §§1331 and 1343 as to the federal claims herein.

3. Venue in this district is proper pursuant to 28 U.S.C. §1391 in that the cause of action arose in this district.

## **PARTIES**

4. Plaintiff, Raymond Delgado, ("Plaintiff"), was, at all times material hereto, a citizen of the United States and incarcerated in the St. Johns County Jail.

5. Defendant, David Shoar, in his official capacity as Sheriff of St. Johns County, Florida, was, at all times relevant, responsible for his agents and employees of the St. Johns County Sheriff's Office and for the care and treatment of inmates in the St. Johns County Jail. At all times relevant, Defendant Shoar was responsible for the supervision, training, instruction, discipline, control, and conduct of members of the St. Johns County Sheriff's Office, including personnel employed in positions at the St. Johns County Jail. At all times relevant, Defendant Sheriff Shoar had the power, right, and duty to train and control his officers, agents and employees to conform to the United States Constitution and to ensure that all policies, orders, rules, instructions, and regulations promulgated for the St. Johns County Sheriff's Office were consistent with the United States Constitution. At all times relevant to this complaint, Defendant Sheriff Shoar, his agents, and employees, acted under color of state law.

6. Defendant, Armor Correctional Health Services, Inc. ("Armor"), is a Florida corporation. At all times relevant, Defendant Armor and its agents and employees were under contract with St. Johns County and/or the St. Johns County Sheriff's Office to furnish health care services for inmates in the St. Johns County Jail and was responsible for the medical care and treatment of inmates in the St. Johns County Jail. At all times relevant, Defendant Armor, its agents and employees, had the power, right, and duty to train and control its agents and employees to conform with the United States Constitution and to ensure that all orders, rules, instructions , and regulations promulgated for its operations and provision of services within the

St. Johns County Jail were consistent with the United States Constitution. At all times relevant, Defendant Armor, its agents and employees, acted under color of state law.

7. Defendant, Dr. Zehra Cumber, D.O. ("Dr. Cumber"), was at all times relevant, a physician who was an agent and/or employee of Defendant Armor and/or Defendant Shoar. At all times relevant, Dr. Cumber was under contract to furnish health care services to inmates in the St. Johns County Jail and was responsible for the medical care and treatment in inmates at the St. Johns County Jail. At all times relevant, Defendant Dr. Cumber acted under color of state law.

8. Defendants, Several Unknown Jail Medical Staff, were at all times material hereto, doctors, nurses, and medical personnel, who were agents and/or employees of Defendants Armor and/or Shoar. At all times relevant to this case, Defendants Several Unknown Jail Medical Staff were responsible for the medical care and treatment in inmates at the St. Johns County Jail. At all times relevant, Defendants Several Unknown Jail Medical Staff acted under color of state law.

## FACTUAL ALLEGATIONS

9. Delgado was arrested on September 3, 2010, and was continually incarcerated at the St. Johns County Jail ("Jail") from then until he was transferred to state prison on April 17, 2012, after sentence was imposed on April 13, 2012.

10. Delgado has a family history of colon cancer.

11. While incarcerated at the Jail, Delgado began to suffer from an onset of symptoms of the disease.

12. Delgado requested to be examined for symptoms of that condition on numerous occasions.

13. However, despite a worsening of symptoms and associated pain, Delgado never received proper and adequate medical treatment for his condition.

14. As early as September 10, 2010, the medical staff at the Jail was aware that Delgado's father had died of colon cancer.

15. On September 11, 2010, Delgado informed the Jail medical staff in writing that he noticed red/blood-like patchy areas in his stool.

16. Given Delgado's age (over 50) and family history of colon cancer, a referral to a gastroenterologist and a colon examination should have been conducted within two (2) weeks of receiving this message.

17. Having received no treatment for the same for nearly two months, Delgado again notified Jail medical staff in writing on November 4, 2010 that he continued to have thinner stools and was still experiencing abdominal tenderness.

18. Delgado also notified Jail medical staff in writing that he had lost forty-five (45) pounds since his admission into the Jail.

19. Delgado was finally seen by a Jail nurse on November 6, 2010 for his abdominal pain issues.

20. During said visit, the Jail nurse noted Delgado was experiencing abdominal pain, constipation, weight loss, and tenderness to palpation of his abdomen. Additionally, it was noted that he had "rebound tenderness." Rebound tenderness warrants a surgical evaluation.

21. On November 11, 2010, Delgado was seen by another Jail nurse relating to back pain and leg weakness that Delgado has experienced for three to four (3-4) days prior. During the

visit, the Jail nurse noted cancer as a "current medical problem." However, no further examination or treatment relating to the colon or cancer was administered.

22.  Delgado was seen by Defendant Dr. Cumber on November 12, 2010. During this visit, Dr. Cumber noted Delgado had abdominal pain and tenderness and that Delgado was guaiac positive, meaning he had blood in his stool. Dr. Cumber prescribed Delgado "Metamucil," an over the counter fiber supplement and conducted no colon examination.

23.  Upon information and belief, prior to meeting with Delgado on November 12, 2010, Defendant Dr. Cumber had knowledge of Delgado's prior complaints to Jail medical staff regarding his abdominal issues and family history of colon cancer, as well as the information obtained during Delgado's visits with Jail nurses on November 6 and 11, 2010.

24.  On November, 27, 2010, Delgado again informed the Jail medical staff that he continued to have abdominal discomfort.

25.  On November 29, 2010, Delgado was seen by a Jail nurse. By this date, Delgado had lost nearly sixty (60) pounds since his admission into the Jail.

26.  During that visit, it was noted that Delgado had experienced abdominal pain, constipation, and weight loss for the past month. His abdomen had tenderness to palpation and it was noted Delgado had bloody stools. The Jail nurse referred Delgado to Dr. Cumber without any further examination of the colon.

27.  On December 6, 2010, Delgado was seen by Dr. Cumber. Delgado complained again of abdominal pain and that he had to strain during bowel movements. Dr. Cumber noted that Delgado's abdomen remained tender and diagnosed Delgado with diverticulosis and constipation and prescribed Colace, a stool softener. No examination of the colon was conducted.

28. On December 18, 2010, Delgado notified Jail medical staff in writing that he was maintaining persistent abdominal pain.

29. Delgado was seen by Dr. Cumber on December 21, 2010. Delgado informed Dr. Cumber that he continued to have abdominal pain and a green stool. Dr. Cumber prescribed Bentyl, which is an anti-spasmodic (anti-gas) medicine used to treat irritable bowel syndrome (IBS). No further examination of the colon was conducted.

30. On January 15, 2011, Delgado was seen by a Jail nurse practitioner and complained of continued abdominal pain and constipation. The Jail nurse practitioner continued Delgado on the Bentyl anti-gas medication previously ordered by Dr. Cumber. No examination of the colon was conducted.

31. On March 25, 2011, Delgado again notified the Jail medical staff that he continued to have blood in his stool and stated that it had "been some time" since seeing a doctor regarding this issue.

32. On April 12, 2011, Delgado was seen by Dr. Cumber. Delgado reported sharp pain during bowel movements that felt "like razors." No colon examination was performed. Dr. Cumber increased the Metamucil dosage and continued the Colace (stool softener) and Bentyl (anti-gas medicine).

33. After the April 12, 2011 visit, no further care or diagnosis regarding Delgado's abdominal and/or gastrointestinal issues was rendered other than refills of fiber supplements and stool softeners. The anti-gas medication was discontinued in August of 2011.

34. At a minimum, by the end of November 2010, results of evaluations by the Jail medical staff, including Dr. Cumber, strongly indicated that a colon exam and CT Scan were required in order to render reasonable and adequate medical care to Delgado.

35. Such was necessary because Delgado had suffered significant weight loss, blood in his stool, and abdominal pain without a rudimentary evaluation for colon cancer, which was especially called for given Delgado's family history of the disease, plus his age (male over 50).

36. However, no such exam was never done while Delgado was at the Jail.

37. Delgado's symptoms persisted and worsened during his entire stay at the St. Johns County Jail.

38. Additionally, despite a worsening of symptoms and pain, as mentioned above, the only "medicine" given for such pain was fiber supplements, stool softener, and anti-gas medication.

39. Shortly after Delgado was sentenced and transferred to the Department of Corrections (DOC) Lake Butler Reception and Medical Center (RMC), he presented with acute symptoms of distress caused by the yet undiscovered colon cancer.

40. Delgado's symptoms caused DOC to send him for treatment at Memorial Hospital in Jacksonville, Florida. Only then was it discovered that he had colon cancer that had perforated his colon and spread to his liver.

41. Emergency surgery was immediately performed.

42. The long delay in proper examination, diagnosis, and treatment caused his projected five year survival rate to plummet from 74% (associated with stage 1 colon cancer) to as low as 8%.

43. If proper diagnosis and care would have been rendered, the presence of colon cancer would have been discovered in late 2010 by using routine tests.

44. Moreover, Delgado would not have endured such unnecessary pain and suffering.

45. Proper diagnosis and treatment would have contained the cancer to the wall of the colon.

46. Accordingly, there would have been no need for chemotherapy or a colostomy bag.

## COUNT I
## 42 U.S.C. §1983: DELIBERATE INDIFFERENCE
(Defendant Dr. Cumber)

47. Paragraphs 1 through 46, above, are adopted and incorporated by reference herein.

48. Defendant Dr. Cumber, acting under color of state law, failed to provide or secure adequate medical care and treatment to Mr. Delgado.

49. Defendant Dr. Cumber acted with deliberate indifference towards Mr. Delgado's serious medical needs by failing to provide or secure adequate medical care and treatment despite actual knowledge of Mr. Delgado's serious medical conditions and needs.

50. Defendant Dr. Cumber's deliberate indifference to Mr. Delgado's serious medical needs violated Mr. Delgado's due process rights under the Fourteenth Amendment to the United States Constitution.

51. Defendant Dr. Cumber's actions and/or omissions were done with malice and/or reckless indifference to Mr. Delgado's federally protected rights.

52. As a direct and approximate result of Defendant Dr. Cumber's deliberate indifference to Mr. Delgado's serious medical needs, Mr. Delgado suffered damages, including,

but not limited to, severe pain and suffering, physical injuries, loss of enjoyment of life, and severe emotions and psychological distress and mental anguish.

WHEREFORE, Plaintiff, Raymond Delgado, demands judgement against Defendant Dr. Cumber, individually, for:

    (a)    actual and compensatory damages;

    (b)    punitive damages;

    (c)    an award of attorney's fees and costs; and

    (d)    any other relief this Court deems just and proper.

## COUNT II
### 42 U.S.C. §1983: DELIBERATE INDIFFERENCE
(Defendants Several Unknown Jail Medical Staff)

53. Paragraphs 1 through 46, above, are adopted and incorporated by reference herein.

54. Defendants Several Unknown Jail Medical Staff, acting under color of state law, failed to provide or secure adequate medical care and treatment to Mr. Delgado.

55. Defendants Several Unknown Jail Medical Staff acted with deliberate indifference towards Mr. Delgado's serious medical needs by failing to provide or secure adequate medical care and treatment, despite actual knowledge of Mr. Delgado's serious medical conditions and needs.

56. Defendants Several Unknown Jail Medical Staff's deliberate indifference to Mr. Delgado's serious medical needs violated Mr. Delgado's due process rights under the Fourteenth Amendment to the United States Constitution.

57. Defendants Several Unknown Jail Medical Staff's actions and/or omissions were done with malice and/or reckless indifference to Mr. Delgado's federally protected rights.

58.     As a direct and proximate result of Defendants Several Unknown Jail Medical Staff's deliberate indifference to Mr. Delgado's serious medical needs, Mr. Delgado suffered damages, including, but not limited to, severe pain and suffering, physical injuries, loss of enjoyment of life, and severe emotional and psychological distress and mental anguish.

WHEREFORE, Plaintiff, Raymond Delgado, demands judgment against Defendants Several Unknown Jail Medical Staff, individually, for:

(a)     actual and compensatory damages;

(b)     punitive damages;

(c)     an award of attorney's fees and costs; and

(d)     any other relief this Court deems just and proper.

## COUNT III
## 42 U.S.C. §1983: MUNICIPAL LIABILITY
### (Defendant Shoar)

59.     Paragraphs 1 through 46 above, are adopted and incorporated by reference herein.

60.     Defendant Sheriff Shoar, his agents and employees, acting within their authority and under color of state law, instituted and followed practices, customs, and policies which directly resulted in deliberate indifference to Mr. Delgado's serious medical needs. Sheriff Shoar has knowledge of a systemic and widespread practice wherein inmates of the St. Johns County Jail receive inadequate medical care despite an obvious and apparent need for adequate medical care, but the Sheriff has failed to provide adequate medical care to such inmates. Additionally, in failing to discipline his agents and employees for their actions and/or omissions, Sheriff Shoar has ratified such decisions and reasons for those decisions, thus constituting a practice, custom or policy. Alternatively, Dr. Cumber and/or the Several Unknown Jail Medical Staff at the St.

Johns County Detention Facility acted as final policymakers for Sheriff Shoar as their decisions were not immediately or effectively reviewable. Further, Sheriff Shoar failed to adequately train his agents and/or employees despite a clearly obvious and apparent need for such training. Sheriff Shoar's actions and omissions resulted in violations of Mr. Delgado's rights secured under the Fourteenth Amendment to the United States Constitution, which is actionable under 42 U.S.C. §1983.

61. Defendant Shoar's deliberate indifference to Mr. Delgado's serious medical needs violated Mr. Delgado's due process rights under the Fourteenth Amendment to the United States Constitution.

62. As a direct and proximate result of Defendant Shoar's actions and/or omissions, Mr. Delgado suffered damages, including, but not limited to, severe pain and suffering, physical injuries, loss of enjoyment of life, and severe emotional and psychological distress and mental anguish.

WHEREFORE, Plaintiff, Raymond Delgado, demands judgment against Defendant Sheriff Shoar, in his official capacity as Sheriff of St. Johns County, for:

(a) actual and compensatory damages;

(b) an award of attorney's fees and costs; and

(c) any other relief this Court deems just and proper.

## COUNT IV
## DELIBERATE INDIFFERENCE
(Defendant Armor)

63. Paragraphs 1 through 46 above, are adopted and incorporated by reference herein.

64. Defendant Armor, its agents and employees, acting within their authority and under color of state law, instituted and followed practices, customs, and policies which directly resulted in deliberate indifference to Mr. Delgado's serious medical needs. Defendant Armor has knowledge of a systemic and widespread practice wherein inmates of the St. Johns County Jail receive inadequate medical care despite an obvious and apparent need for adequate medical care, but Defendant Armor has failed to provide adequate medical care to such inmates. Additionally, in failing to discipline its agents and employees for their actions and/or omissions, Defendant Armor has ratified such decisions and reasons for those decisions, thus constituting a practice, custom or policy. Alternatively, Dr. Cumber and/or the Several Unknown Jail Medical Staff at the St. Johns County Detention Facility acted as final policymakers for Defendant Armor as their decisions were not immediately or effectively reviewable. Further, Defendant Armor failed to adequately train its agents and/or employees despite a clearly obvious and apparent need for such training. Defendant Armor's actions and omissions resulted in violations of Mr. Delgado's rights secured under the Fourteenth Amendment to the United States Constitution, which is actionable under 42 U.S.C. §1983.

65. Defendant Armor's deliberate indifference to Mr. Delgado's serious medical needs violated Mr. Delgado's due process rights under the Fourteenth Amendment to the United States Constitution.

66. As a direct and proximate result of Defendant Armor's actions and/or omissions, Mr. Delgado suffered damages, including, but not limited to, severe pain and suffering, physical injuries, loss of enjoyment of life, and severe emotional and psychological distress and mental anguish.

WHEREFORE, Plaintiff, Raymond Delgado, demands judgment against Defendant Armor Correctional Health Services, Inc., for:

    (a) actual and compensatory damages;

    (b) an award of attorney's fees and costs; and

    (c) any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

_____
Wm. J. Sheppard, Esquire
Florida Bar No.: 109154
Elizabeth L. White, Esquire
Florida Bar No.: 314560
Matthew R. Kachergus, Esquire
Florida Bar No.: 503282
Bryan E. DeMaggio, Esquire
Florida Bar No.: 55712
Jonathan W. Graessle, Esquire
Florida Bar No.: 102640
Sheppard, White and Kachergus, P.A.
215 Washington Street
Jacksonville, Florida 32202
(904) 356-9661 telephone
(904) 356-9667 facsimile
COUNSEL FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on ~~February 17,~~ March 21, 2014, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF System which will send a notice of electronic filing to the following:

| S. Renee Lundy, Esquire<br>Dean, Ringers, Morgan & Lawton, P.A.<br>Capital Plaza 1<br>201 East Pine Street<br>Suite 200, Post Office Box 2928<br>Orlando, Florida 32802 | John W. Jolly, Jr., Esquire<br>Barbara C. Fromm, Esquire<br>Jolly & Peterson, P.A.<br>Post Office Box 37400<br>Tallahassee, Florida 32315 |

I HEREBY CERTIFY that on ~~February 17~~ March 21, 2014, a true and correct copy of the foregoing document and the notice of electronic filing was sent by United States Mail to the following non-CM/ECF participants:

N/A.

_____
ATTORNEY

mlh[delgado.raymond.complaint.amend]